UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- NORTHERN DIVISION

HEATHER KIRBY,

    Plaintiff,

 -vs-

                            Case No.
                            Hon.

TRANS UNION, L.L.C.,
CADILLAC ACCOUNTS
RECEIVABLE MANAGEMENT,
INC.
CREDIT BUREAU OF MT.
PLEASANT, INC.
MITCHELL D. BLUHM &
ASSOCIATES, LLC
CMB SERVICES, INC.

    Defendant.

## COMPLAINT & JURY DEMAND

Heather  Kirby states the following claims for relief:

### Jurisdiction

1.    This court has jurisdiction under the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681o, the Fair Debt Collection Practices Act (FDCPA"); 15 U.S.C. § 1692k; and 28 U.S.C. § 1331,1337.

2.    This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

## **Parties**

3.  The Plaintiff to this lawsuit is Heather  Kirby who resides in Merrill , MI 48637.

4.  The Defendants to this lawsuit are as follows:

a.   Trans Union, L.L.C. ("TransUnion") which is a corporation doing business in Michigan at 555 W Adams St , Chicago, IL 60661, and whose resident agent maintains its office at 601 Abbot Road , East Lansing, MI  48823.

b.   Cadillac Accounts Receivable Management, Inc. ("Cadillac ARM") which is a corporation doing business in Michigan  at 1015 Wilcox Street, Cadillac, MI 49601, and whose resident agent Ralph Trim maintains its office at PO Box 358 , Cadillac, MI  49601.

c.   Credit Bureau of Mt. Pleasant, Inc. ("CBMP") which is a corporation doing business in Michigan  at PO Box 445, Mt. Pleasant, MI 48804, and whose resident agent  maintains its office at 215 S. Main Street , Mt. Pleasant, MI  48858.

d.  Mitchell D. Bluhm & Associates, LLC ("MBA") which is a corporation doing business in Michigan at 3400 Texoma Parkway, Ste. 100, Sherman, TX 75092.

e.  CMB Services, Inc. ("CBM") which is a corporation doing business in Michigan at 300 Rudd Street, Ste. 202, Midland, MI 48640.

## Venue

5.  The transactions and occurrences which give rise to this action occurred in Gratiot County.

6.  Venue is proper in the Eastern District of Michigan.

## The May 12, 2016 TransUnion Disclosure

7.  On May 12, 2016, Trans Union prepared a disclosure of Mrs. Kirby's consumer credit file based on the data which it had associated with Ms. Kirby.

8.  That disclosure contained public record information which purported to concern Mrs. Kirby which was inaccurate and did not actually relate to Ms. Kirby including.

a.  A judgment for $ 5,000 in Clare County 80th District Court in case No. 15-0037LT1.

3

    b.     A judgment for $10,649 Clare County 80th District Court in case No. 14-0313GC1.

9.    That disclosure did not identify the source of the public record information.

10.    That disclosure information about derogatory credit accounts which purported to concern Mrs. Kirby which was inaccurate and did not actually relate to Ms. Kirby including.

    a.     CBM Services account number 21762 with an outstanding balance of $156.

    b.     CBM Services account number 21762 with an outstanding balance of $151

    c.     Credit Bureau System account number 12477 with an outstanding balance of $51.

11.    Trans Union advised Mrs. Kirby that Trans Union had published consumer reports about her.

12.    Trans Union used the data contained in its credit files to prepare consumer reports concerning Ms. Kirby.

4

13.   Trans Union used the inaccurate data identified in the May 12, 2016 disclosure to prepare consumer reports to one or more user identified in the inquiry log on that disclosure.

### The April 11, 2017 Request

14.   On April 11, 2017, Ms. Kirby requested a copy of her consumer file as maintained by Trans Union.

15.   In that request, Ms. Kirby requested a copy of any OFAC information maintained about Ms. Kirby.

16.   In that request, Ms. Kirby requested a copy of any information which might by included in the Trans Union TLOxp product.

17.   Ms. Kirby provided a copy of her Driver's License and a gas bill as proof of her identity and address.

### The April 2017 TransUnion Disclosure

18.   In April of 2017, Trans Union prepared a disclosure of Mrs. Kirby's consumer credit file based on the data which it had associated with Ms. Kirby.

19.   That disclosure did not contain a disclosure of the information in Ms. Kirby's OFAC file.

20.   That disclosure did not contain a disclosure of the information maintained in Ms. Kirby's TLOxp file.

21.   That disclosure contained a number of inaccurate addresses which Ms. Kirby had never been associated with, including

    a.   PO Box 176, Farwell, MI 48622-0176

    b.   3320 Hatherly Ave, Flint, MI 48504-4317

    c.   PO Box 17G, Farwell, MI 48622-0017

    d.   316 W Wheaton Ave, Clare, MI 48617-1251

    e.   4261 Grange Hall Rd Lot 13, Holly, MI 48442-1161

    f.   4261 Grange Hall Rd Lot 132, Holly, MI 48442-1190

    g.   218 W Court St, Urbana, OH 43078-1618

    h.   9340 Old State Ave, Farwell, MI 48622-9734

    i.   8844 S Coolidge Ave, Farwell, MI 48622-9720

    j.   4261 Grange Hall Rd Lot 131, Holly MI, 48442-1190

    k.   801 Baird St, Holly, MI 48442-1706

22.   That disclosure did not identify the source of the address information in Ms. Kirby's file.

23.   That disclosure of Mrs. Kirby's file contained inaccurate telephone numbers:

    a.    (989) 429-8683

    b.    (989) 424-5130

    c.    (810) 235-6927

    d.    (989) 741-6067

24.    That disclosure did not identify the source of the telephone number information in Ms. Kirby's credit file.

25.    That disclosure of Mrs. Kirby's file contained inaccurate employment information:

    a.    Dorsey Schools

26.    That disclosure did not identify the source of the employment information in Ms. Kirby's credit file.

27.    That disclosure of Mrs. Kirby's file contained inaccurate public records information:

    a.    A judgment for $ 5,000 in Clare County 80th District Court in case No. 15-0037LT1.

    b.    A judgment for $10,649 Clare County 80th District Court in case No. 14-0313GC1.

28.   That disclosures did not identify the source of the public record information in Ms. Kirby's file.

29.   That disclosure of Mrs. Kirby's file contained inaccurate credit information – none of which was owed by Mrs. Kirby -- relating to accounts from the following entities:

a.   Account Services account number 1440018**** with a balance of $832.

b.   American Medical Coll account number  AUC245886**** with a balance of $50.

c.   American Medical Coll account number AUC246541**** with a balance of $157.

d.   CBM Services Inc account number 21533** with a balance of $65

e.   CBM Services Inc account number 21533** with a balance of $81

f.   CBM Services Inc account number 21533** with a balance of $102

g.   CBM Services Inc account number 21762** with a balance of $155

h.   CBM Services Inc account number 21762** with a balance of $160

i.   CBM Services Inc account number 22627** with a balance of $243

j.   CBM Services Inc account number 23160**with a balance of $2967

k.    CBM Services Inc account number 23160** with a balance of $259

l.    CBM Services Inc account number 23192**with a balance of $175

m.    CBM Services Inc account number 23265**with a balance of $566

n.    CBM Services Inc account number 23265**with a balance of $1505

o.    CBM Services Inc account number 23354**with a balance of $413

p.    CBM Services Inc account number 23503**with a balance of $114

q.    CBM Services Inc account number 23645**with a balance of $396

r.    CBM Services Inc account number 23997**with a balance of $1043

s.    CBM Services Inc account number 24114**with a balance of $64

t.    CBM Services Inc account number 24182**with a balance of $101

u.    CBM Services Inc account number 24182**with a balance of $275

v.    CBM Services Inc account number 24411**with a balance of $1234

w.    CBM Services Inc account number 24747**with a balance of $813

x.    CBM Services Inc account number 24749**with a balance of $146

y.    CBM Services Inc account number 24931**with a balance of $57

z.    CBM Services Inc account number 31727**with a balance of $64

aa.    CBM Services Inc account number 31727**with a balance of $64

bb.    CBM Services Inc account number 31727**with a balance of $114

cc.   CBM Services Inc account number 20033**with a balance of $0

dd.   CBM Services Inc account number 20235**with a balance of $0

ee.   CBM Services Inc account number 20761**with a balance of $0

ff.   CBM Services Inc account number 21226**with a balance of $0

gg.   CBM Services Inc account number 21550**with a balance of $0

hh.   CBM Services Inc account number 21550**with a balance of $0

ii.   Credit Bureau System account number 12414**with a balance of $73

jj.   Money Recovery Nationwide account number 49747**with a balance of $47

kk.   Money Recovery Nationwide account number 49747**with a balance of $47

30.   That disclosure of Mrs. Kirby's file contained notice of inquiries into her consumer report from companies with whom she had not initiated any transactions, and therefore had no permissible purpose for the use of her reports:

a.   Sun Communities via Screening Reports Inc.

b.   Meritus Communities via Origen Financial Services

c.   Mobiloans LLC

d.      Astra Business Services P

e.      CBE Group

## Mrs. Kirby's September 20, 2017 Dispute

31.  On September 20, 2017, Mrs. Kirby disputed that inaccurate information with TransUnion and requested that TransUnion reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

32.  In that same dispute letter, Ms. Kirby requested that TransUnion

a.      Send her an updated copy of her consumer report.

b.      Send updated copies of her consumer report to any creditor who had received her report within the prior six months.

c.      Send her a list of the companies that requested her consumer report and along with their addresses.

33.  Mrs. Kirby's request included sufficient information or documentation to provide actual notice that the credit information was inaccurate, and the source of information was not reliable.

34.  Ms. Kirby disputed inaccurate addresses in her report, including:

a.      PO Box 176, Farwell, Ml 48622-0176

b.      3320 Hatherly Ave, Flint, Ml 48504-4317

11

    c.       PO Box 17G, Farwell, Ml 48622-0017

    d.       316 W Wheaton  Ave, Clare, MI  48617-1251

    e.       4261 Grange Hall Rd Lot 13, Holly, Ml 48442-1161

    f.       4261 Grange Hall Rd Lot 132, Holly, Ml 48442-1190

    g.       218 W Court St, Urbana, OH 43078-1618

    h.       9340 Old State Ave, Farwell, Ml  48622-9734

    i.       8844 S Coolidge  Ave, Farwell, Ml  "48622-9720   -

    j.       .4261 Grange Hall Rd Lot 131, Holly Ml, 48442-1190

    k.       801 Baird St. Holly, Ml 48442-1706

35.    Ms. Kirby dispute inaccurate phone numbers on that report, including:

    a.       (989) 429-8683

    b.       (989)424-5130

    c.       (810)235-6927

    d.       (989)741-6067

36.    Ms. Kirby disputed the inaccurate account information on her report, including:

    a.       Dorsey Schools.

37. Ms. Kirby disputed the inaccurate account public record information on her report, including:

   a. A judgment for $ 5,000 in Clare County 80th District Court in case No. 15-0037LT1.

   b. A judgment for $10,649 Clare County 80th District Court in case No. 14-0313GC1.

38. Ms. Kirby disputed the inaccurate account information on her report, including:

   a. Account Services account number 1440018**** with a balance of $832.

   b. American Medical Coll account number AUC245886**** with a balance of $50.

   c. American Medical Coll account number AUC246541**** with a balance of $157.

   d. CBM Services Inc account number 21533** with a balance of $65

   e. CBM Services Inc account number 21533** with a balance of $81

   f. CBM Services Inc account number 21533** with a balance of $102

   g. CBM Services Inc account number 21762** with a balance of $155

h.    CBM Services Inc account number 21762** with a balance of $160

i.    CBM Services Inc account number 22627** with a balance of $243

j.    CBM Services Inc account number 23160**with a balance of $2967

k.    CBM Services Inc account number 23160** with a balance of $259

l.    CBM Services Inc account number 23192**with a balance of $175

m.    CBM Services Inc account number 23265**with a balance of $566

n.    CBM Services Inc account number 23265**with a balance of $1505

o.    CBM Services Inc account number 23354**with a balance of $413

p.    CBM Services Inc account number 23503**with a balance of $114

q.    CBM Services Inc account number 23645**with a balance of $396

r.    CBM Services Inc account number 23997**with a balance of $1043

s.    CBM Services Inc account number 24114**with a balance of $64

t.    CBM Services Inc account number 24182**with a balance of $101

u.    CBM Services Inc account number 24182**with a balance of $275

v.    CBM Services Inc account number 24411**with a balance of $1234

w.    CBM Services Inc account number 24747**with a balance of $813

x.    CBM Services Inc account number 24749**with a balance of $146

y.    CBM Services Inc account number 24931**with a balance of $57

z.   CBM Services Inc account number 31727**with a balance of $64

aa.   CBM Services Inc account number 31727**with a balance of $64

bb.   CBM Services Inc account number 31727**with a balance of $114

cc.   CBM Services Inc account number 20033**with a balance of $0

dd.   CBM Services Inc account number 20235**with a balance of $0

ee.   CBM Services Inc account number 20761**with a balance of $0

ff.   CBM Services Inc account number 21226**with a balance of $0

gg.   CBM Services Inc account number 21550**with a balance of $0

hh.   CBM Services Inc account number 21550**with a balance of $0

ii.   Credit Bureau System account number 12414**with a balance of $73

jj.   Money Recovery Nationwide account number 49747**with a balance of $47

kk.   Money Recovery Nationwide account number 49747**with a balance of $47

39.   Ms. Kirby provided sufficient information to inform Trans Union that the source of this disputed information was not reliable.

## **The October 6, 2017 TransUnion Response and Disclosure**

40.   On October 2, 2017, TransUnion responded to Mrs. Kirby's dispute.

41.   On October 6, 2017, TransUnion sent a second response to Ms. Kirby's dispute that included response results that failed to correct all of Ms. Kirby's disputes.

42.   In its response to Ms. Kirby's dispute, TransUnion informed Mrs. Kirby that TransUnion maintained some of the disputed information in Mrs. Kirby's consumer file as a result of TransUnion's own failure to conduct a proper reinvestigation of the disputed information; alternatively Trans Union could not determine the accuracy of the disputed information but maintained inaccurate information in Mrs. Kirby's file contrary to the requirements of the FCRA.

   a.   An inaccurate street address in Farwell, MI.

   b.   Four inaccurate telephone numbers, "(989) 429-8683," "(989) 424-5130," "(810) 235-6927," and "(989) 741-6067."

   c.   Employment at Dorsey Schools

   d.   Five collection accounts,

        i.    Account Services with a balance of $832.

        ii.   CBM Services with a balance of $155.

        iii.  CBM Services with a balance of $160.

16

      iv.     CBM Services Incl with a balance of $0.

      v.     CBM Services Inc with a balance of $0.

43.    In response to Ms. Kirby's dispute, Trans Union inserted to new name variations in Ms. Kirby's credit file, neither of which was accurate:

    a.     "Heather Ruth Kirby" and

    b.     "Heather D. Kirby."

44.    Trans Union did not identify the source of this name information.

45.    TransUnion did not:

    a.     Provide a sufficiently detailed copy of her report to determine what items had been verified and which had been deleted.

    b.     Provide a complete response concerning the disputed account information.

    c.     Provide a response to her disputes concerning the improper inquiries into her credit.

    d.     Provide updated copies of Ms. Kirby's consumer reports to companies that had received that report within the six months prior to the dispute.

46.    In its response to Ms. Kirby's dispute, TransUnion failed to address items disputed by Mrs. Kirby

## The October 25, 2017 Dispute

47.   On October 25, 2017, Mrs.  Kirby disputed that inaccurate information with TransUnion and requested that TransUnion reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

48.   Ms. Kirby disputed inaccurate variations of her name,

    a.   Heather Ruth Kirby.

    b.   Heather D. Kirby.

49.   Ms. Kirby disputed an inaccurate address that she had never used for mail,

    a.   PO Box 17G, Farwell, MI  48622-0017.

50.   Ms. Kirby disputed inaccurate public record information that did not relate to her,

    a.   Clare County 80th District Court case number 150037LT.

    b.   Clare County 80th District Court case number 140313GC1.

51.   Ms. Kirby disputed inaccurate account information that did not relate to her,

    a.   CBM Services with a balance of $155.

    b.   CBM Services with a balance of $160.

    c.   CBM Services Incl with a balance of $0.

    d.   CBM Services Inc with a balance of $0.

52.   In that same dispute letter, Ms. Kirby requested that TransUnion

    a.   Send her an updated copy of her consumer report.

    b.   Send updated copies of her consumer report to any creditor who had received her report within the prior six months.

    c.   Send her a list of the companies that requested her consumer report and along with their addresses.

53.   Mrs. Kirby's request included sufficient information or documentation to provide actual notice that the credit information was inaccurate, and the source of information was not reliable.

## The October 31, 2017 Response and Disclosure

54.   On October 31, 2017, TransUnion responded to Mrs. Kirby's dispute.

55.   In its response to Ms. Kirby's dispute, TransUnion informed Mrs. Kirby that TransUnion deleted some of the disputed information in Mrs. Kirby's consumer file,

    a.   Trans Union deleted one of the CBM Services accounts.

56.   In its response Trans Union inserted two new inaccurate name variations into Ms. Kirby's credit file:

    a.   Heather Lesperance

      b.     Heather R. Lesperance.

57.   Trans Union did not identify the source of this name information.

58.   TransUnion did not:

      a.     Provide a sufficiently detailed copy of her report to determine what items had been verified and which had been deleted.

      b.     Provide any response concerning the disputed account information.

      c.     Provide a response to her disputes concerning the improper inquiries into her credit.

      d.     Provide updated copies of Ms. Kirby's consumer reports to companies that had received that report within the six months prior to the dispute.

      e.     Provide Ms. Kirby with the names and addresses of the companies that requested her consumer report.

59.   In its response to Ms. Kirby's dispute, TransUnion failed to address items disputed by Mrs. Kirby.

## The November 20, 2017 Dispute

60.   On November 20, 2017, Mrs. Kirby disputed that inaccurate information with TransUnion and requested that TransUnion reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

20

61.    Ms. Kirby disputed inaccurate variations of her name,

     a.    Heather Lesperance.

     b.    Heather R. Lesperance

62.    Ms. Kirby disputed inaccurate public record information that did not relate to her,

     a.    Clare County 80th District Court case number 150037LT.

     b.    Clare County 80th District Court case number 140313GC1.

63.    Ms. Kirby disputed inaccurate account information that did not relate to her. This account information was previously disputed, but Trans Union's response failed to indicate which of these two accounts had been investigated and removed,

     a.    CBM Services Inc account number 21762** with a balance of $155

     b.    CBM Services Inc account number 21762** with a balance of $160.

64.    In that dispute letter, Ms. Kirby disputed other information that had not been addressed by Trans Union in the prior dispute.

65.    In that same dispute letter, Ms. Kirby requested that TransUnion

     a.    Send her an updated copy of her consumer report.

b.     Send updated copies of her consumer report to any creditor who had received her report within the prior six months.

c.     Send her a list of the companies that requested her consumer report and along with their addresses.

66.    Mrs. Kirby's request included sufficient information or documentation to provide actual notice that the credit information was inaccurate, and the source of information was not reliable.

67.    This same information had been challenged previously and not removed.

### The November 29, 2017 Disclosure

68.    On November 29, 2017, Trans Union prepared a disclosure of Mrs. Kirby's consumer credit file based on the data which it had associated with Ms. Kirby.

69.    Trans Union did not provide the results of any investigation into Ms. Kirby's November 20, 2017 dispute.

70.    The disclosure from Trans Union included inaccurate information which should not have been properly associated with Ms. Kirby, including

a.     Cadillac Account Receiv account number 1017166000245.

b.     Credit Bureau System account number 12477.

c.     Credit Bureau System account number 12842.

    d.      Law Offices of Mitchell Bluhm account number 1434.

    e.      US Dept, of Education/GL account number 290333652879.

### The December 28, 2017 Dispute

71.    On December 28, 2017, Mrs. Kirby disputed that inaccurate information with TransUnion and requested that TransUnion reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

72.    Ms. Kirby disputed inaccurate account information that was not associated with her,

73.    The disclosure from Trans Union included inaccurate information which should not have been properly associated with Ms. Kirby, including

    a.      Cadillac Account Receiv account number 1017166000245.

    b.      Credit Bureau System account number 12477.

    c.      Credit Bureau System account number 12842.

    d.      Law Offices of Mitchell Bluhm account number 1434.

    e.      US Dept, of Education/GL account number 290333652879

74.    In that same dispute letter, Ms. Kirby requested that TransUnion

    a.      Send her an updated copy of her consumer report.

    b.      Send updated copies of her consumer report to any creditor who had received her report within the prior six months.

    c.      Send her a list of the companies that requested her consumer report and along with their addresses.

75. Mrs. Kirby identified several inquiries that were unrelated to a transaction initiated by her, but which were attributed to transactions initiated by Mrs. Kirby:

    a.      Sun Communities

    b.      Academy Mortgage

    c.      Meritus Communities

76. Mrs. Kirby's request included sufficient information or documentation to provide actual notice that the credit information was inaccurate, and the source of information was not reliable.

### The January 10, 2018 Dispute Response and Disclosure

77. On January 10, 2018, Trans Union responded to Ms. Kirby's dispute.

78. In its response to Ms. Kirby's dispute, TransUnion informed Mrs. Kirby that it had deleted all the disputed information.

79. TransUnion did not:

a.    Provide updated copies of Ms. Kirby's consumer reports to companies that had received that report within the six months prior to the dispute.

b.    Provide Ms. Kirby with the names and addresses of the companies that requested her consumer report.

80.    On October 25, 2017, Mrs.  Kirby disputed that inaccurate information with TransUnion and requested that TransUnion reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

81.    In that same dispute letter, Ms. Kirby requested that TransUnion

a.    Send updated copies of her consumer report to any creditor who had received her report within the prior six months.

## Trans Union's Long History of Mixed File Problems

82.    TransUnion has a long history of publishing consumer reports about a single subject, but containing data concerning more than one person.

83.    This problem is known with the credit reporting industry as a "mixed" file, which indicates that credit data from one person is "mixed" with data concerning another person.

84.    This problem has plagued the credit reporting industry since its adoption of computer database technology.

85.   By 1992, problems with mixed files had become so pervasive that attorneys general from all 50 states joined forces to seek a remedy for this problem.

86.   In 1992, TransUnion agreed to entry of consent decree under which TransUnion was to correct the "mixed file" problem.

87.   In spite of that consent decree, TransUnion continued publish "mixed" credit files, and has been sued dozens of times for this problem.

88.   In spite of notice of systemic problems with the computer programs used to assemble these reports (known as matching algorithms), TransUnion has yet to adopt meaningful change to correct this problem for the benefit of conumers.

## Count I -- FCRA, 15 U.S.C. § 1681 et seq. (TransUnion)

89.   TransUnion prepared one or more consumer reports relating to Mrs.  Kirby using the information it disclosed to Ms. Kirby.

90.   Those consumer reports contained inaccurate information.

91.   Trans Union has violated the provisions of the FCRA and done so either negligently in violation of 15 U.S.C. § 1681o, or willfully in violation of 15 U.S.C. § 1681n.

92.   Mrs. Kirby has suffered damages as a result of this violation of the FCRA

## Count II -- Special Claim for Injunctive Relief Under FCRA (TransUnion)

93.   Mrs. Kirby incorporates the preceding allegations by reference.

94.   Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction.   *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979).

95.   This Court has the authority to enjoin further violations of the FCRA by TransUnion relative to Mrs.  Kirby.

96.   Mrs.  Kirby requests that this Court declare her rights relative to the accuracy of the disputed credit information.

97.   Mrs.   Kirby requests that this Court issue its injunction barring further publication of the disputed credit information and declaration that the disputed information that remains in her credit file is inaccurate.

## Count III -- FCRA (Cadillac ARM, CBMP, and CBM)

98.   In response to Ms. Kirby's disputes, Trans Union sent notices of those disputes to the following furnishers of the disputed credit information.

a.   Cadillac ARM,

b.   CBMP, and

c.   CBM

99.  Each of the following furnishers of the disputed information verified the disputed information in response to Trans Union's request

   a.  Cadillac ARM

   b.  CBMP, and

   c.  CMB

100.  Each of the following failed to conduct a reasonable investigation in response to dispute forwarded by Trans Union.

   a.  Cadillac ARM

   b.  CBMP, and

   c.  CMB

101.  Each of the following violated the FCRA by failing to conduct a reasonable investigation into the disputes forwarded by Trans Union.

   a.  Cadillac ARM

   b.  CBMP, and

   c.  CMB

102.  Mrs. Kirby has suffered damages as a result of this violation of the FCRA.

## Count IV -- Fair Debt Collection Practices Act (Cadillac ARM, CBMP, MBA and CBM)

103. Ms. Kirby brings this claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

104. At all relevant times each of the following regularly engaged in the practice of collecting debts on behalf of other individuals or entities in the ordinary course of business.

   a. Cadillac ARM,

   b. CBMP,

   c. MBA, and

   d. CBM.

105. Each of the following is a "debt collection" under the FDCPA15 U.S.C. § 1692a(6).

   a. Cadillac ARM,

   b. CBMP,

   c. MBA and

   d. CBM.

106. Each of the followings sought to collect a "consumer" debt from Mrs. Kirby through the credit reporting of those debts.

    a.    Cadillac ARM,

    b.    CBMP,

    c.    MBA and

    d.    CBM.

107.  Each of the following provided false information to Trans Union concernment

Ms. Kirby's responsibility for the debts they sought to collect:

    a.    Cadillac ARM,

    b.    CBMP,

    c.    MBA and

    d.    CBM.

108.  Mrs.  Kirby has suffered damages as a result of these violations of the FDCPA.

## Count V -- Michigan Regulation of Collection Practices Act (Cadillac ARM, CBMP, MBA and CBM)

109.  Mrs.  Kirby brings this claim under the Michigan Regulation of Collection

Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.* as an alternative to the

claims under the Michigan Occupational Code ("MOC"), M.C.L. § 339.901

et seq.

110.  The following Defendants are each a "regulated person" as that term is defined under the Michigan Collection Practices Act (MRCPA), M.C.L. § 445.251 *et seq*.

  a.  Cadillac ARM,

  b.  CBMP,

  c.  MBA and

  d.  CBM.

111.  Each of the following defendants has attempted to collect the disputed account through the credit reporting system.

  a.  Cadillac ARM,

  b.  CBMP,

  c.  MBA and

  d.  CBM.

112.  Each of the following has made false statements concerning Ms. Kirby's responsibility for defaulted debt to the credit reporting agencies.

  a.  Cadillac ARM,

  b.  CBMP,

  c.  MBA and

     d.     CBM.

113. Each of the following has violated the MRCPA, M.C.L. § 445.251 *et seq.* by engaging in the prohibited acts.

114. The violations of the MRCPA set forth above were willful.

115. Mrs. Kirby has  suffered damages as a result of these violations of the Collection Practices Act, M.C.L. § 445.251 *et seq.*

## Count VI -- Michigan Occupational Code (Cadillac ARM, CBMP, and CBM)

116. Ms. Kirby brings this claim under the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.* as an alternative to the claims under the MRCPA, M.C.L. § 445.251 *et seq.*

117. The following Defendants are each a "collection agency" as that term is defined in M.C.L. § 339.901(b).

     a.     Cadillac ARM,

     b.     CBMP, and

     c.     CBM.

118. Each of the following defendants has attempted to collect the disputed account through the credit reporting system.

     a.     Cadillac ARM,

     b.     CBMP, and

     c.     CBM.

119. Each of the following has made false statements concerning Ms. Kirby's responsibility for defaulted debt to the credit reporting agencies.

     a.     Cadillac ARM,

     b.     CBMP, and

     c.     CBM.

120. Each of the following has violated the MOC, M.C.L. § 339.901 *et seq.* by engaging in the prohibited acts.

121. The violations of the MOC set forth above were willful.

122. Mrs. Kirby has  suffered damages as a result of these violations of the  MOC, M.C.L. § 339.901 *et seq.*

## Jury Demand

123. Mrs. Kirby demands trial by jury.

## Request For Relief

124. ACCORDINGLY Mrs. Kirby requests that the Court Grant any or all of the following relief:

a.      Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

b.      Statutory damages in an amount to be determined at trial.

c.      Punitive damages in an amount to be determined at trial.

d.      Costs and attorney fees provided by statute.

e.      Declaratory and injunctive relief as appropriate.

f.      Any other relief the Court deems just.

Respectfully Submitted,


By:  s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Heather  Kirby
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PHONE:  (248) 208-8864
Ian@MichiganConsumerLaw.Com

Dated: December 6, 2018